[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-13430
Non-Argument Calendar

----------------------------------------

BIA No. A98-677-471

JUAN CARLOS CHAVARRIAGA OROZCO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------

Petition for Review of a Decision of the
Board of Immigration Appeals

----------------------------------------------------------------

**(May 20, 2008)**

Before EDMONDSON, Chief Judge, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Juan Carlos Chavarriaga Orozco, a native and citizen of Colombia, petitions

for review of the order by the Board of Immigration Appeals ("BIA") denying his

motion to reopen his removal proceedings.  No reversible error has been shown; we deny the petition.

We review the BIA's denial of a motion to reopen for an abuse of discretion.  Gbaya v. U.S. Attorney Gen., 342 F.3d 1219, 1220 (11th Cir. 2003).  "In this particular area, the BIA's discretion is quite broad."  Id. (citation omitted); see also Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir. 1999) (explaining the BIA has discretion to reopen proceedings "as it sees fit"); 8 C.F.R. § 1003.2(a) ("The [BIA] has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.").  Appellate review of a denial of a motion to reopen "is limited to determining whether there has been an exercise of administrative discretion and whether the [manner] of exercise has been arbitrary or capricious."  Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (internal quotation omitted).  Motions to reopen generally are disfavored because "every delay works to the advantage of the deportable alien who wishes merely to remain in the United States."  INS v. Doherty, 112 S.Ct. 719, 724-25 (1992).

A party may file only one motion to reopen which "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material."  8 U.S.C. § 1229a(c)(7)(A), (B).  A motion to reopen must be filed no later than 90 days after the final

2

administrative decision. 8 C.F.R. § 1003.2(c)(2). But this time limit does not apply if the motion to reopen is based on changed circumstances in the country of the movant's nationality. Id. § 1003.2(c)(3)(ii). To meet this exception, a movant must offer material evidence that "was not available and could not have been discovered or presented at the previous hearing." Id.

The BIA determined that Orozco's motion was untimely and that Orozco had failed to establish that country conditions in Colombia had changed sufficiently to warrant reopening of his removal proceedings. On appeal, Orozco argues that the BIA erred in concluding that his evidence did not reflect a material change in country conditions.[1]

The new evidence submitted with Orozco's motion, when compared to the record before the Immigration Judge ("IJ") during Orozco's asylum hearing, does not establish a material change in country conditions in Colombia. The evidence before the IJ, including Orozco's testimony, indicated that between 1995 and when he left Colombia in 2004, he was targeted by the National Liberation Army ("ELN"). The ELN controlled the area where Orozco's farm was located and stole

---

[1]Orozco argues that the BIA also erred in determining that his documents were not sufficiently authenticated; but the BIA did not make such a determination, and we need not address this argument. Orozco does not argue that his motion was filed outside the 90-day time limit and, thus, this argument is waived. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (noting that when a party fails to offer argument on an issue, that issue is abandoned).

several animals from his farm. The ELN also threatened to kidnap Orozco to make him appear for a military trial on charges of assisting the United Self-Defense Forces of Colombia ("AUC"). In his motion to reopen, Orozco submitted several letters from people in the region where his farm is located that repeated this same evidence: that he was an ELN objective and perceived collaborator and had been threatened by the ELN in the past and forced to leave Colombia. This evidence simply confirms the personal circumstances Orozco faced in Colombia when he left and is cumulative of evidence already in the record. Therefore, we do not conclude that the BIA's denial of his motion was an abuse of discretion.[2]

Because Orozco's motion to reopen was not timely and he did not present evidence establishing changed conditions in Colombia, the BIA's denial of his motion was not arbitrary or capricious, or otherwise an abuse of discretion.

**PETITION DENIED.**

---

[2]Even if Orozco's motion was timely, we still discern no error in the BIA's denial because of the cumulative nature of the submitted evidence; Orozco did not present new material evidence. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001) (explaining that the BIA may deny a motion to reopen if, among other things, the movant does not present material and previously unavailable evidence).